```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                          CRIMINAL ACTION NO. 2:16-00136-1

**KENNETH DALE WHITE, JR.**

<u>PROBATION REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On February 20, 2019, the United States of America appeared by Ryan A. Saunders, Assistant United States Attorney, and the defendant, Kenneth Dale White, Jr., appeared in person and by his counsel, Lex A. Coleman, Assistant Federal Public Defender, for a hearing on the petition seeking revocation of probation and amendment thereto submitted by United States Probation Officer M. Dylan Shaffer. The defendant commenced a three-year term of probation in this action on March 6, 2017, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on March 7, 2017.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of probation in the following respects: (1) the defendant used and possessed controlled substances as evidenced by his admission to the probation officer on March 6, 2018, that he had ingested Percocet and morphine pills on or around March 4 and 5, 2018; a positive urine specimen submitted by him on July 30, 2018, for benzodiazepine, marijuana and opiates, the defendant having admitted to the probation officer that he used Xanax, marijuana and heroin; a positive urine specimen submitted by him on October 16, 2018, for oxycodone and opiates, the defendant having admitted to the probation officer that he used heroin; a positive urine specimen submitted by him on December 17, 2018, for morphine; and his admission to the probation officer on January 23, 2019, that he used heroin on or about January 16, 2019, at which time he admitted that he had been using heroin on a daily basis prior to January 16, 2019; (2) the defendant failed to file monthly reports for November and December 2018, and January 2019; (3) the defendant failed to participate in individual outpatient substance abuse counseling as directed as more fully set forth in Violation No. 5; (4) the defendant failed to participate in intensive outpatient

substance abuse treatment as directed on October 24, November 21, December 6, 12, 13, 19, 20 and 27, 2018, and January 2, 3 and 9, 2019; and (5) the defendant failed to appear for urine screens as instructed on January 22, February 9, March 12, April 17, May 25, June 15 and 25, July 26, October 19, 24 and 30, November 16 and 20, and December 7, 11 and 26, 2018; all as admitted by the defendant on the record of the hearing and all as set forth in the petition seeking revocation of probation.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of probation and, further, that it would unduly depreciate the seriousness of the violations if probation were not revoked, it is ORDERED that the probation previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of FOUR (4) MONTHS, to be followed by a term of one (1) year of

supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that, immediately following his release from imprisonment, he participate in and successfully complete, the residential substance abuse treatment program at Recovery Point, or a similar program if unavailable, for a period of six (6) months and, if found to be eligible for further treatment, continue in that same program for an additional period of three months. The defendant shall participate in such other substance abuse and counseling treatment as the probation officer may direct.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: February 28, 2019

John T. Copenhaver, Jr.
Senior United States District Judge